IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-387 |
| | § | C.A. No. C-09-268 |
| URSOLO OVIEDO-OVALLE, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Ursolo Oviedo-Ovalle's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, received by the Clerk on October 6, 2009. (D.E. 25.)[1] After seeking and receiving an extension of time to respond (D.E. 27, 28), the United States filed its response in opposition. (D.E. 34.) Oviedo-Ovalle filed a "counter-response," which the Court has also considered. (D.E. 35.) As discussed herein, Oviedo-Ovalle validly waived his right to file the claims in his § 2255 motion. Because the Court finds his waiver it to be valid and enforceable, and because his claims do not entitle him to relief in any event, Oviedo-Ovalle's § 2255 motion is DISMISSED WITH PREJUDICE.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, C-07-387.

1

## II.  FACTS AND PROCEEDINGS

On July 25, 2007, Oviedo-Ovalle was charged in a single-count indictment will illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 8.)  On September 4, 2007, he pleaded guilty pursuant to a written plea agreement.  (D.E. 13, 14.)  In exchange for his guilty plea to count one and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level reduction for acceptance of responsibility and to recommend a sentence within the applicable guideline range. (D.E. 14 at ¶ 2.)

The plea agreement contained a voluntary waiver of Oviedo-Ovalle's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed.  Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 14 at ¶ 7 (emphasis in original).)  The agreement was signed by Oviedo-Ovalle and his counsel.  (D.E. 14 at 5.)

At his rearraignment, Oviedo-Ovalle testified that he signed the agreement after it was read to him completely in Spanish and after he had discussed it completely with his attorney.  (D.E. 21, Rearraignment Transcript ("R. Tr.") at 14-15.)  After the prosecutor summarized the agreement,

2

including a reference to the waiver of § 2255 rights, Oviedo testified that this was his plea agreement, the entire agreement and that he understood it. (R. Tr. at 13-14.)

The Court questioned Oviedo-Ovalle under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. In emphasizing the waiver of the right to file a § 2255 motion, the Court instructed:

> **THE COURT:** And there's another right you're giving up in this plea agreement that's also personal to you, and only you can give it up. It's separate and apart from these trial rights, and that's a right to file a post-conviction remedy, also known as a wit of habeas corpus or a statutory 2255, wherein you would have ordinarily had the opportunity to try to set aside your conviction and/or your sentence by challenging such matters as constitutionality, jurisdiction, or ineffective assistance of counsel, to name a few. But if you go forward today, you give up that right as to this case forever. Do you understand that? ... Mr. Oviedo?
>
> **THE DEFENDANT:** Yes.

(R. Tr. at 11-12.) Oviedo-Ovalle further testified that no one had promised him anything in exchange for his plea, that no one had forced him to plead guilty, and that his decision to plead guilty was entirely voluntary. (R. Tr. at 13, 19.) It is clear from the foregoing that Oviedo-Ovalle's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Oviedo-Ovalle on November 19, 2007 to 85 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and also imposed a $100 special assessment. (D.E. 22, 23.) Judgment of conviction and sentence was entered November 26, 2007. (D.E. 23.) Consistent with his waiver of appellate rights, Oviedo-Ovalle did not appeal. The instant § 2255 motion was received by the Clerk on October 6, 2009. (D.E. 25.)

Although the motion appears to the Court to be untimely, the government does not dispute the timeliness of the motion.[2] Rather than dismiss the motion on limitations grounds, therefore, the Court will address Oviedo-Ovalle's claims.

### III. MOVANT'S ALLEGATIONS

In his motion, Oviedo-Ovalle lists two grounds for relief, both of which challenge the Court's decision that prior convictions were properly scored at sentencing. In his first ground for relief, he contends that the Court erred by assessing three criminal history points for a prior Texas state conviction for delivery of cocaine. He claims that the amount involved in that offense was less than 3.5 grams of powder cocaine, and that, under the federal sentencing guidelines, his range would have been 2 to 8 months instead of the five-year sentence he received from the State of Texas.

In his second ground for relief, he claims that he was improperly scored one point for the conviction referenced in paragraph 22, which he has since sought to have vacated in the court of conviction. He thus claims that he should be resentenced without that criminal history point. (D.E. 25 at 5.)

In its response, the United States contends that Oviedo-Ovalle's motion is barred in its entirety by his valid waiver of § 2255 rights. (D.E. 34 at 5-8.) Additionally, it contends that his claims do not entitle him to relief for various other reasons. (See generally D.E .34.)

In his reply, Oviedo-Ovalle reiterates the arguments set forth in his initial motion. He also provides a copy of the motion he filed in state court to vacate his prior conviction (but no order showing that motion has been granted) and appears to be relying on Lopez v. Gonzalez, 549 U.S.

---

[2] The government's response erroneously states that Oviedo-Ovalle's conviction became final in December 2008. In fact, the conviction became final in December *2007.*

47 (2006),[3] for the proposition that his conviction should not have been enhanced under § 2L1.2(b) based on his prior conviction. (D.E. 35.)

For the reasons set forth herein, Oviedo-Ovalle's § 2255 motion is DENIED.

## IV. DISCUSSION

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

---

[3] Lopez v. Gonzales, 549 U.S. 47 (2006), which was decided before Oviedo-Ovalle was sentenced, is of no benefit to him. Lopez overruled the rule announced in numerous circuits that a state felony could serve as the predicate felony for an "aggravated felony" finding under 8 U.S.C. § 1101(a)(43) despite being considered a misdemeanor under the Controlled Substances Act. The enhancement that was applied in Oviedo-Ovalle's case, however, is not affected by the decision in Lopez v. Gonzales. His 16-level enhancement was applied because his prior conviction qualified as a "drug trafficking felony" under U.S.S.G. § 2L1.2(b)(1)(A)(i), not because it was an "aggravated felony" as defined under 8 U.S.C. § 1101(a)(43). Moreover, the definition of a "drug trafficking felony" under U.S.S.G. § 2L1.2 is not defined by, nor does it refer to, 8 U.S.C. §1101(a)(43). See U.S.S.G. § 2L1.2 cmt. 1(B)(iv).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Oviedo-Ovalle has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims. Rather, the Court concludes that his motion fails in its entirety because he waived his right to file the claims in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McGivney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights).

It is clear from the rearraignment transcript and the plea agreement in this case that Oviedo-Ovalle understood that he was waiving his right to file any § 2255 motion, all that is required for a knowing waiver. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up); see supra at pages 2-3. Oviedo-Ovalle's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that his waiver was knowing and voluntary.

Moreover, Oviedo-Ovalle's claims fall within the scope of his waiver. Notably, he does not challenge the validity of his waiver of § 2255 rights. Instead, his claims are ones that the Court erred at sentencing. Thus, his claims are all subject to the waiver.

The court further notes that the claims raised by Oviedo-Ovalle are not cognizable in a § 2255 proceeding. That is, the claims raised by him are essentially claims that the Court erred in

6

its application of the sentencing guidelines. Such claims are not cognizable in § 2255 proceedings. See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (a district court's alleged misapplication of the sentencing guidelines cannot be challenged in a § 2255 motion). Thus, his claims are subject to dismissal for this reason, as well.

For all of these reasons, Oviedo-Ovalle's motion is DISMISSED WITH PREJUDICE.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Oviedo-Ovalle has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Oviedo-Ovalle is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have

been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Oviedo-Ovalle is not entitled to a COA. That is, reasonable jurists could not debate the Court's conclusion that his motion is barred by his waiver, nor could they debate that the issues he raises deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## V.  CONCLUSION

For the foregoing reasons, Oviedo-Ovalle's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 25) is DISMISSED WITH PREJUDICE. Additionally, Oviedo-Ovalle is DENIED a Certificate of Appealability.

It is so ORDERED this 9th day of August, 2010.

_____
Janis Graham Jack
United States District Judge